SPEARS *v.* CLARK.

The assignor of a promissory note cannot complain that the assignee's suit against the maker was not commenced in time, if judgment was obtained on the note at the first term of the Court after the assignment.

A *fieri facias* on such judgment should be issued within a reasonable time after the close of the term at which the judgment was rendered.

Where the judgment in such case was rendered on the 21st of *August*, and the execution issued on the 21st of *September* following, it was held, (the time when the Court adjourned not being shown,) that the execution did not appear to have issued in time to bind the assignor.

APPEAL from the *Tippecanoe* Circuit Court.

BLACKFORD, J.—*Clark* sued *Spears* in assumpsit. The declaration contains three counts. The first is on the assignment of a promissory note payable in 1838; the second for money had and received; and the third for money paid. Plea, the general issue. Verdict for the plaintiff; motion for a new trial overruled; and judgment on the verdict.

*Friday,
November* 29.

The first count, on which alone any evidence was given, alleges, among other things, that judgment was obtained against the makers of the note, in the *Tippecanoe* Circuit Court, at the *August* term, 1839, and that that was the first term after the assignment sued on was made, the assignment having been made in the summer of 1839. This count also alleges that a *fieri facias* on the judgment was issued on the twenty-first of *September*, 1839, and was returned no property found.

The evidence respecting the first of those allegations was as follows: The defendant's assignment of the note is without date. He was himself an assignee, and the assignment to him was dated in 1838. It was proved that the plaintiff left this state in 1837, and resided in *Arkansas* till the winter of 1839; that he did not return to *Tippecanoe* county, where the defendant was, until after the close of the *February* term, 1839, of the Circuit Court of that county; and that the defendant had admitted, in the presence of two persons, that the judgment on the note had been obtained at the first term of the Court after his indorsement was made. It was proved, as to the second allegation, that the judgment against the makers of the note, was rendered on the twenty-first of *Au-*

Nov. Term,  *gust*, 1839, the third day of the term ; and that the execution
1844.      issued on the day stated in the declaration.

SCOTT      The Court instructed the jury, that if the judgment
v.         was obtained at the first term after the defendant's assign-
M'MURRAN.  ment, and if the execution issued at the time set out in the
declaration, there was evidence of due diligence.

It is contended that the suit against the makers of the note
was commenced too late. If, however, the judgment was ob-
tained at the first term after the assignment sued on was made,
the suit must be considered as having been commenced in
time ; *Kelsey* v. *Ross et al.* 6 Blackf. 536 ; and we think there
was sufficient evidence in this case, to authorize the jury in
finding that the judgment had been so obtained.

It is also contended that the execution was not shown to
have been issued in time ; and that objection is well founded.
The plaintiff was entitled to a reasonable time to take out
execution after the adjournment of the Court in which the
judgment was rendered. The time of the adjournment was
not proved ; and if it took place directly after the rendition
of the judgment, there was too much delay in taking out exe-
cution. If on account of the continuance of the term, the
execution was ordered in time, such continuance should have
been proved.

There is also an objection to the first count, as it does not
show that the execution issued in time.

*Per Curiam.* — The judgment is reversed with costs.
Cause remanded, &c.

*Z. Baird*, for the appellant.

*R. A. Chandler*, for the appellee.