May Term,
1852.

SPEARS
v.
CLARK.

*Per Curiam.*—The judgment is reversed. Cause re-manded, &c.

*J. G. Jones* and *J. E. Blythe*, for the plaintiff.

*A. L. Robinson*, for the defendant.

(1) 1 Carter's Ind. R. 96.

---

3c 296
165 164

## SPEARS v. CLARK.

In a suit upon the assignment of a promissory note, the assignor will not be held to be discharged by the *laches* of the assignee, if, upon a judgment obtained against the maker in due time, the issuing of an execution was only delayed until a reasonable time had elapsed after the adjournment of the Court at which judgment was rendered; unless some special cause is shown which made it the duty of the assignee, as an act of good faith, to have it issued earlier.

In a suit upon the assignment of a promissory note, the evidence was that the term of the Court at which the plaintiff obtained judgment against the maker was adjourned on the 7th of *September*, and that a *fi. fa.* issued on the judgment on the 21st of that month. *Held*, in the absence of proof of any loss by the delay, that the plaintiff exercised sufficient diligence in taking out execution.

A promissory note was dated at *Lafayette*, but the assignments on it were not dated as of any place. Suit was prosecuted and judgment obtained against the makers at that place. Suit was also commenced against the defendant, one of the assignors, and process served on him at that place. There was also proof that several of the parties resided there. *Held*, that the averment in the declaration on the assignment of the note, that it was assigned at *Lafayette*, was presumptively established.

Where, in a suit by the assignee against the assignor of a promissory note, the former shows that he has used due diligence in prosecuting the maker to insolvency, it is not incumbent on the plaintiff to prove that the maker continued insolvent till the commencement of the suit.

A note, the assignment of which was sued on, was signed as follows: *S. T.; T.* and *S.* The declaration averred that *S. T.*, and *T.* of the firm of *T.* and *S.*, were the same person. The record of a suit by the assignee against *T.* and *S.* on the note, alleging that they were the persons who made the note, was in evidence at the trial, and *T.* having been examined as a witness, spoke, in his testimony, of *S.* and himself, the defendants in the judgment, as the makers of the note, and mentioned no other person. *Held*, that the averment was sufficiently proved.

Tuesday,
May 25.

APPEAL from the *Tippecanoe* Circuit Court.

PERKINS, J.—Assumpsit by the assignee against the

assignor of a promissory note. Plea, the general issue.
Judgment for the plaintiff. The evidence is upon the
record.

The first point made in this Court is, that due diligence
was not used in attempting to recover the money from
the makers of the note.

It appears that judgment was obtained against them
at the *August* term, 1839, of the *Tippecanoe* Circuit Court,
which was the first term after the assignment of the note
to the plaintiff. That assignment, we should remark, is
without date; and the appellant, the defendant below,
contends that one or more terms of the Court intervened
between the assignment and the judgment against the
makers. But the evidence to the fact that the judgment
was recovered at the first term after the assignment, is
as strong now as it was when the cause was before this
Court in 1844; and it was then held sufficient to justify
the jury in so finding. *Spears* v. *Clark*, 7 Blackf. 283.
It further appears that said *August* term at which the
judgment against the makers was obtained, was not ad-
journed until the 7th of *September* following; that, on the
21st of said *September*, a *fieri facias* on the judgment was
sued out of the clerk's office, and, on the 24th of said
month, was placed, by the clerk, in the hands of the sheriff
of the county, who returned the same, "no goods or chat-
tels, lands or tenements," &c., and that there were on the
docket of the Court, at said *August* term, 371 causes.
*Samuel Hoover*, the clerk, testified, that he thought the
costs could not have been taxed and the executions issued
on all the judgments rendered at said term before the
21st of *September,* 1839; that he was in the habit of issu-
ing executions in the order in which *præcipes* for them
were filed, and was also in the habit of consulting the order
in which judgments were rendered; and he would have
issued an execution on the judgment against the makers
of the note in question on the day said judgment was
rendered, had he been required to do so, but thought no
*præcipe* for an execution had ever been filed. It was
proved that an execution, had it been issued on the day

of the adjournment of said *August* term of the Court, on the judgment against the makers of the note, would have been unavailing, as they then had no property subject to it. Such was, substantially, the evidence in regard to diligence.

It is contended that in a suit by the assignee against the makers of a note, due diligence requires that an execution should be issued on the judgment against them as soon, at least, as the day following the rendition, whether that day fall in term-time or vacation.

All the decisions of this Court bearing upon the subject, are to the contrary of this proposition, and they are sufficiently numerous to settle the rule upon authority. That rule is, that execution in such cases may be delayed till a reasonable time for the issuing of execution has elapsed after the adjournment of the term of the Court at which judgment is rendered, unless some special cause be shown to exist, making it the duty of the party, as an act of good faith, to issue it earlier. For example: If the assignor could show that the maker was about to put his property beyond the reach of execution, or to become insolvent, and that he had notified the assignee of the fact, or that he otherwise knew it, and that said assignee had, nevertheless, neglected to apply for the issuing of an execution, whereby the judgment that otherwise *could have been collected, had been lost, he would establish* a want of due diligence in that case. We may properly notice some of the decisions from which the foregoing proposition is deduced: In *Hanna* v. *Pegg*, 1 Blackf. 181, "a *fieri facias* was issued within a few days after the term in which the judgment was rendered;" and it was held, *prima facie*, sufficient diligence. In *Bishop* v. *Yeazle*, 6 id. 127, execution was delayed over six months, and it was held that, unexplained, it was unwarrantable negligence. In *Dorsey* v. *Hadlock*, 7 id. 113, judgment was rendered on the 25th of *April*, and execution was issued on the 18th of *May* following, and it was held that, *prima facie*, due diligence was shown. When the term closed does not appear. *Clark* v. *Spears*, 8 id. 302, was the pre-

sent case, then before the Court on demurrer to the declaration. The facts then alleged in the declaration were substantially those now proved on the trial below, and set out above in this opinion, and they were held to show, *prima facie*, due diligence. The Court remarked: "If the defendant can show [on a trial] that he sustained a loss by the delay in the issuing of the execution, he will have the right to do so." He failed, on the trial, to show that he had sustained loss by such delay. In *Nance* v. *Dunlavy*, 7 id. 172, judgment was rendered on the 15th of *March*, and it was "held that the assignee could not, during that month, be charged by the assignor with *laches* for not having taken out execution."

*Black* v. *Wilson*, 7 id. 532, is supposed to be in conflict with these cases, but it is not. In that case, no suit had been instituted against the maker of the note. The question, therefore, of diligence in the prosecution of a suit could not arise. And where the assignee assumes to dispense with a suit against the maker, he is bound to prove insolvency in the maker to an extent that would render a suit wholly unavailing for the recovery of any part of the debt. *Hardesty* v. *Kinworthy*, 8 id. 304. It was held, in *Black* v. *Wilson*, that such insolvency was not shown in that case.

It is next objected that the allegation in the declaration that the note was assigned at *Lafayette*, was not proved. If it was necessary that that allegation should be proved, we think it was sufficiently done. The note is dated at *Lafayette*. The assignments on it are not dated as of any place. The suit and judgment against the makers were at *Lafayette*. The suit against the indorser and service of process on him were at that place, and the testimony positively shows that several of the parties resided there. We think the presumption was raised that the indorsements were made at that place. At all events, the assignments were given in evidence on the trial, without objection to them particularly pointed out; and, at that time, the rule of decision was, that unless particular objections were specified, the case stood as if

May Term,
1852.

SPEARS
v.
CLARK.

no objection was made. This rule is decisive of the point under consideration.

The next point made is, that the insolvency of the makers was not sufficiently established. A return against said makers of no property, was made on the 24th of *September*, 1839, and this suit was commenced against the assignor on the 9th of *March*, 1843. It is contended that said makers should have been proved to be insolvent when this suit was commenced. We think the plaintiff in the Circuit Court, having shown that he had used due diligence by prosecuting the makers of the note to insolvency, was not bound to prove that they continued insolvent to the time ·of suing his assignor. Whether the assignor could have shown, in bar of the suit, that the makers had acquired property subsequently to the return against them of no property, we need not stop now to ascertain.

The note, an indorsement of which is sued on, is as follows :

"*Lafayette, April* 16, 1838. Seven months after date, I promise to pay to the order· of *George M. Marshall*, five hundred dollars, for value received. *Samuel Taylor, Taylor* and *Smith*."

The declaration avers that *Samuel Taylor*, and *Taylor* of the firm of *Taylor* and *Smith*, were one and the same person; and it is urged that that averment was not proved. If it was necessary, under the issue, that it should have been, we think it was done. The record of the suit and judgment at law against said *Samuel Taylor* and said *Smith*, charging them as being the persons who made the note, was in evidence; and *Taylor* himself was examined as a witness, and spoke, in his testimony, of *Smith* and himself, the defendants in said judgment, as the makers of the note, and mentioned no other person. This was sufficient.

*Per Curiam.*—The judgment is affirmed, with 5 *per cent.* damages and costs.

*Z. Baird* and *J. M. Reynolds*, for the appellant.

*R. A. Chandler*, for the appellee.