CHARLES PARKER, Appellant, *v.* WILLIAM F. PALMER *et al.,* Appellees.

### APPEAL FROM MARSHALL.

If an unanswered demurrer is on record, and the party filing it goes to trial by consent, it will not be cause for reversal of the judgment.

THE opinion of the court gives all the material facts of the case.

H. M. WEAD, and S. L. RICHMOND, for Appellant.

S. RAMSAY, and H. GROVE, for Appellees.

CATON, C. J. The declaration in this case, is in assumpsit. 1st and 2nd counts are upon promissory notes, made by the plaintiff in error to the defendants in error. The declaration also contains the common money counts.

On the 29th day of January, 1858, the plaintiff in error filed his plea of non assumpsit to the whole declaration, and he also filed, on the same day, a plea of usury to the 1st and 2nd counts of the declaration; and, on the same day, the defendants in error filed their general demurrer to the plea of usury, to which there was no joinder.

Afterwards, on the 12th day of February, 1858, the parties appeared in court, and waived a jury, and submitted the cause to the court for trial, and the court found the issues for the defendants in error, and thereupon rendered a judgment in favor

32

of the defendants in error, upon the notes mentioned in the declaration, for the sum of $392.40, damages and costs.

The defendant below now complains, that the court, by his own express consent, tried the cause without first disposing of this demurrer. Had there been a joinder in demurrer, we are sorry to say that the tenor of our decisions is such, that we should be obliged to reverse this judgment for that reason, although it may appear like trifling with the court and with justice for the party, after having expressly consented to a trial, to go behind it and raise this objection. We do not propose to go in this line of decisions, one particle beyond the point to which the decided cases lead us. Had the court decided this demurrer, we should presume a joinder was waived—as, however, the attention of the court was not called to the demurrer, and the defendant never answered it, we must presume that he waived his pleas, to which there was this answer on the files, to which he did not think it proper to reply—thus in fact confessing that the pleas were bad;—were obnoxious to the demurrer, which he could not or would not answer. Until there was an issue on the demurrer, there was nothing for the court to decide.

The judgment must be affirmed.

*Judgment affirmed.*