GEORGE W. RIVES, Appellant, *v.* ELIAS KUMLER, Appellee.

APPEAL FROM EDGAR.

It is not due diligence for the assignee of a note to delay issuing an execution against the maker of the note, for more than two months after obtaining his judgment—and without showing some excuse for such delay, he cannot hold the assignor.

An averment that a sheriff's return was signed, is unnecessary; this will be presumed.

In an action upon a promissory note, by the assignee against the assignor, the defendant filed a demurrer to the declaration, which was overruled, and he elected to stand by it. It was competent for the clerk to assess the damages.

It is error to award the plaintiff greater damages than he claims in his declaration.

THE opinion of the Court contains a full statement of the case.

JAMES A. EADS, for Appellant.

THOMAS C. W. SALE, for Appellee.

BREESE, J.    This is an action of assumpsit, brought by the assignee against the assignor of a promissory note. The declaration averred the execution of a note by one Thornton to Rives, and by him assigned to the plaintiff below. That the note matured July 10, 1859, and judgment was obtained against the maker, for the amount of the note, at the October term, of that year, of the Circuit Court of Edgar county, where the maker resided, and that such term was the first

term after the note became due.    That he sued out an execution on the judgment and placed it in the hands of the sheriff of the county, on the 14th of January, 1860, which execution was returned by the sheriff, indorsed as follows : " Returned no property found, April 14, 1860 ;" that the debt remains unpaid ; with the usual conclusion in assumpsit.    Damages, fifteen hundred dollars.

The defendant demurred  generally to this declaration, and there was judgment for the plaintiff on the demurrer, and a reference to the clerk to compute the damages.    The defendant rested upon his demurrer.    The clerk computed the damages, and reported them to the court, at fifteen hundred and thirteen and seventy-five one-hundredths dollars, for which, final judgment was entered, and costs and execution awarded.    The defendant appeals to this court, and assigns as errors, overruling the demurrer to the declaration, and in directing the clerk to compute and report the damages, and also that the judgment is rendered for a greater amount of damages than is claimed in the declaration.

The demurrer brings up the question of due diligence.    The suit was brought against the maker at the first term of the court next after the maturity of the note.    This is one effort at due diligence.    He is also required to use the means to enforce the judgment as soon as practicable by ordinary diligence.    *Saunders* v. *O'Bryant,* 2 Scam. 370 ; *Bestor* v. *Walker,* 4 Gilm. 3 ; *Nixon* v. *Weyhrich,* 20 Ill. 600 ; *Chalmers* v. *Moore,* 22 ib. 359.    The question arises, is it ordinary diligence, such diligence as a prudent man would exercise in a case where there was no recovery over, to delay the issuing of an execution sixty days after the rendition of the judgment? No excuse is shown for not issuing execution at an earlier day. In the case of *Bestor* v. *Walker,* above cited, the first and third counts in the declaration set out the recovery of a judgment against the maker of the note on the 7th of June, 1843, and the issuing of an execution thereon on the 30th of August thereafter.    The court say, " there is some doubt whether this is not such a defect as might be fatal on error, were they the only counts in the declaration.    In this respect, the court says, the allegations certainly do not show due diligence.    For the purpose of reaching the indorser, the holder is required not only to institute and prosecute his suit to judgment at the earliest practicable time, but also to enforce that judgment by execution as soon as, by ordinary diligence, he can.    If, in any such case, it appear, from the declaration, that the time intervening between the judgment and the execution be so great as to show clearly that the delay in the

Rives *v.* Kumler.

emanation of such process is the result of the plaintiff's negligence, and the declaration contains no matter of excuse for such neglect, the declaration must be held bad on demurrer."

We cannot think a delay of more than sixty days, in these times of great and rapid changes in the circumstances of the people of this State, engaged in active pursuits or otherwise, shows such diligence as a reasonably prudent man, watchful over his own interests, would exercise. Why was not an execution taken out at the end of the October term? Why, if the fact be so, was it not averred in the declaration, that such speedy action would not have availed, the maker not having then any property, or for some other sufficient reason? Sixty days, work wonderful changes in the business relations of our people, and in these stirring times, a delay of so many days, more than two months, cannot be considered due, or, what is the same thing, reasonable diligence.

We therefore think the demurrer should have been sustained.

As to the objection that it is not alleged the sheriff's return was signed, the presumption is that it was signed, and that is the effect of the averment.

The damages claimed were founded upon a promissory note for the direct payment of money, and it was competent, under our statute, for the clerk to compute them. We have repeatedly decided that a plaintiff in an original suit in the Circuit Court, cannot recover more damages than he has claimed in his declaration. *Brown et al.* v. *Smith,* 24 Ill. 197, and cases there cited. In suits originating before a justice of the peace and brought by appeal to the Circuit Court, we have held, that the Circuit Court may give a judgment in a sum beyond the jurisdiction of the justice of the peace, if it be increased by the accumulation of interest, as the interest is calculated on the note, and not on the justice's judgment, as for example, if suit is brought before a justice on a note for ninety dollars or a sum less than a hundred dollars, when it gets to the Circuit Court by appeal, if the interest upon it swells the amount due to more than one hundred dollars, the justice is not ousted of his jurisdiction. *Wilson* v. *Van Winkle,* 2 Gilm. 684. We know of no case originating in the Circuit Court where more damages can be recovered than are claimed in the declaration.

The judgment of the court below is reversed and the cause remanded, with leave to plaintiff to amend his declaration.

*Judgment reversed.*