## WATSON *v.* HAHN.

MEASURE OF DAMAGES — *on promissory note.* In action against indorser of a promissory note, judgment having been obtained against the maker, the amount of the judgment, with interest, is the measure of damages unless the indorser show that the recovery was wrongful.

EVIDENCE — *by parol of contents of record.* Parol evidence is not admissible to prove the amount of a judgment or the cause of action upon which it was recovered. The record or a transcript therefrom must be produced.

WITHDRAWING DEMURRER — *what shall be regarded as.* If, upon overruling demurrer to declaration, an order is made at the instance of the plaintiff requiring the defendant to plead, although the defendant fail to object, he shall not be regarded as withdrawing his demurrer and submitting to the rule.

JUDGMENT UPON DEMURRER — *sufficiency.* Where two demurrers to the declaration were on file, and the judgment of the court refers to the said de-

murrer, without specifying which of them, it will be presumed that the court passed upon both of them.

A judgment upon demurrer that the same be overruled, although informal, will be sustained.

COMMON-LAW FORMS — *should be observed.* The common-law forms of entries cannot be abandoned without danger to the rights of parties and it is much to be regretted that clerks are not more familiar with them.

WAIVER — *of joinder in demurrer.* If a party proceed to argue a demurrer without joining in demurrer, he cannot complain of the omission.

ASSIGNOR OF PROMISSORY NOTE — *liability of.* To charge the assignor of a note suit must be instituted against the maker, at the first term of any court having jurisdiction of the amount, and prosecuted with reasonable diligence to judgment, and the property of the maker, so far as found, must be subjected to the judgment.

*Under the statute of this territory* the assignor of a promissory note cannot be made liable to the assignee upon notice of dishonor by the maker merely.

DILIGENCE — *in prosecuting maker of the note.* If the holder of a note obtain judgment by confession of the maker, soon after the maturity of the note, and stay execution thereof, the court will not consider whether execution was obtained as soon as it could have been obtained in the due course of law. In such case the stay of execution is made at the peril of him who grants it.

*Delay of seventy days* after judgment in obtaining execution is not due diligence.

DILIGENCE AGAINST MAKER — *what will discharge assignor.* Lack of diligence in prosecuting the maker of a note will not discharge the assignor, unless it has been prejudicial to him.

As a judgment is a lien upon real estate for one year after rendition, and longer, if execution is obtained within the year, execution issued seventy days after judgment may be sufficient to secure the real estate of the maker.

But execution is necessary to secure the personal property of the maker, and if there was delay in issuing execution, in order to show that such delay was not prejudicial to the assignor, it should be averred that all the personalty of the maker was ultimately secured, or that he had no such estate at the time judgment was entered.

*Appeal from District Court, Gilpin County.*

L. C. ROCKWELL, for appellant.

S. B. HAHN, *pro se.*

HALLETT, C. J.    There are five special counts in the declaration and the common counts:    A demurrer to the special counts was confessed by appellee as to the first

count, and by leave of court he amended that count and filed another special count, which I shall call the sixth. A demurrer was interposed to the first count as amended, and the sixth count, and subsequently the first demurrer, remaining undetermined as to the second, third, fourth and fifth counts, and this last demurrer pending, the court made the following order:

"At this day came the said parties by their attorneys aforesaid, and the demurrer of the said defendant to plaintiff's declaration coming on to be heard, was argued by counsel, and the court being fully advised in the matter, and mature deliberation thereon had, is of the opinion that the said demurrer be overruled. Thereupon, on motion of plaintiff, it is ordered by the court that the defendant in this cause plead by the first day of February next."

At the next term of the court, which occurred after the time limited in this order for pleading, no plea having been filed, appellee discontinued his action upon the common counts and took judgment *nil dicit* upon the special count, and the damages were assessed by a jury in open court. Upon the assessment of damages, appellant took a bill of exceptions which contains the testimony given upon that occasion, and upon another day of the term he moved to set aside the assessment of damages, but the court refused to do it, and he excepted.

Error has been assigned upon this refusal of the court to set aside the assessment of damages, and we think that appellant has the right to be heard in this court upon that point. *Chicago & R. I. R. Co.* v. *Ward,* 16 Ill. 522.

In explanation of the evidence given upon the assessment of damages, it is necessary to remark that, in the first and second counts of the declaration, appellant is charged as indorser of a promissory note, and it is averred that judgment was obtained upon the note by appellee against the maker. Upon the hearing before the jury, a witness testified that he had computed the amount due upon the judgment mentioned in the declaration and found it to be $1,672.84, which is the amount for which the jury returned

their verdict. This was all the evidence before the jury, and as there is no other judgment mentioned in the declaration than that obtained by appellee against the maker of the note, the evidence must be taken as referring to that judgment. It is laid down in *Corgan* v. *Frew*, 39 Ill. 31, that, in an action against the indorser of a note, judgment having been obtained against the maker, the measure of damages is the amount of the judgment against the maker, and the accruing interest and the costs if unpaid. And this must be the correct rule, for the note being merged in the judgment, at least so far as the maker is concerned, the assignor can have no remedy over against the maker unless he be subrogated to the rights of the assignee in the judgment. Again, if the maker should reduce the recovery against him by set-off, payment or otherwise, the assignor ought to have the benefit of such reduction. As, however, the assignor is not a party to the suit between the assignee and maker, it may be difficult to say that he would at all events be bound by the recovery in that suit. But it will be sufficient for our present purpose to say that the judgment against the maker, with interest, will furnish the amount of damages unless the assignor shows that the recovery was wrongful, leaving the question of his right to contest the amount of the judgment to be determined when it is presented. But if the amount of the judgment against the maker, less the payments made upon it, is the measure of damages, it certainly cannot be established by parol testimony. The rule which requires the best evidence to be produced makes it necessary to produce the record of the judgment or a transcript from the record, not only for the purpose of showing the amount of the judgment, but also that the judgment was in fact recovered upon the promissory note, which is the foundation of the action against the assignor. We think, therefore, that there was error in the assessment of the damages, and the judgment must be reversed for that reason.

And this makes it necessary to examine the whole record, for, while it is true that, if we could maintain this judg-

ment upon any count of the declaration, we should be relieved from consideration of the other counts, yet, as we have not been able to sustain the judgment, we must look into the ruling of the court upon the demurrer, which leads to an examination of the whole declaration. A preliminary question is, however, presented as to the effect of the order upon appellant to plead, made at the time the demurrers were overruled. It is said that appellant submitted to this order or assented to it, and, in so doing, waived his demurrers to the declaration. It is well settled that, if a party plead after his demurrer is overruled, he thereby waives his demurrer, and cannot afterward rely upon it. And probably cases may be found in which it has been held that the same result is attained by a formal application on the part of the demurrant for leave to plead after his demurrer has been passed upon. But it will be observed that in this case the order to plead was made at the instance of appellee. And although appellant was present, and it does not appear that he objected to the order, we think that this is not sufficient to show an intention on his part to abandon his demurrer. To change the character of the defense and substitute an issue of fact for one of law required some act or word on the part of appellant indicative of his intention to make such change. When the order was made he could have done no more than protest against it, and record his protest in the form of a bill of exceptions. To hold that he must have done this in order to prevent the inference that he assented to the order would be to say that he must have protested against any change of the issue, in order to maintain it as it was. This would be preposterous. When a party has taken issue upon a declaration he must be allowed to maintain it until he voluntarily abandons it. Another preliminary question arises upon the form and language of the order of the court above recited. It cannot be contended that this is a formal judgment upon demurrer, and yet we think that, in support of the proceedings of a court of general jurisdiction, we must give it the effect of such a judgment. There is sufficient in the order to show that the court

· passed upon a demurrer, and as it was the duty of counsel to submit all issues proper for the consideration of the court, and then ripe for hearing, we must presume that this was done. Indeed, as the order contains no reference to either demurrer specifically, we must apply it to both of them, in order to give effect to it. The common-law forms of entries cannot be abandoned without danger to the rights of parties, and it is much to be regretted that clerks of courts are not more familiar with them. It is hoped that counsel and judges of courts of original jurisdiction will make an effort to relieve us of the perplexities, often recurring, of such records as this.

Upon the point that there was no joinder in demurrer, we have only to say that appellant, having submitted the demurrers to the court, cannot now complain of the omission. *Parker* v. *Palmer*, 22 Ill. 489. From these questions of practice we pass to the weightier matter of the law governing appellant's liability as assignor of a promissory note. In the seventh section of the act relating to bills of exchange and promissory notes, it is provided that the assignor of a note shall be liable upon it, if the assignee, by suit against the maker, shall use diligence in collecting it, but such diligence is excused, if at the maturity of the paper it would be unavailing. This statute was borrowed from the State of Illinois, in which State it has received judicial interpretation.

In Indiana, also, the maker of a note must be prosecuted to insolvency before recourse can be had to the indorser, and there are many valuable decisions in the reports of that State upon points arising under our statute. It seems that in order to charge the assignor of a note, suit must be instituted against the maker at the first term of any court having jurisdiction of the amount and prosecuted with reasonable diligence to judgment, and the property of the maker, so far as found, must be subjected to the payment of the judgment. *Bestor* v. *Walker*, 4 Gil. 3 ; *Nixon* v. *Weyhrich*, 20 Ill. 600.

In this case the note became due on the 8th of March and on the 22d of that month, and before any term of court in which judgment could have been obtained, Eman-

uel, the maker of the note, confessed judgment upon it in the district court of Gilpin county, in favor of appellee. In the first count of the declaration it is alleged that, by agreement with Emanuel, execution of the judgment was staid until the first day of June, after the judgment was entered, and in both the first and second counts it appears that execution was not in fact issued until that day.

No laches can be imputed to appellee in respect to the time in which judgment was obtained, but the question arises whether there was diligence in obtaining execution of the judgment. And upon this point it can make no difference whether execution was staid by agreement with Emanuel or not. Appellee was not bound to accept the terms upon which Emanuel confessed judgment. He was at liberty to commence suit in the ordinary way, and if he prosecuted his suit diligently he could not be prejudiced by the laws delay. Nor can we enter into a calculation of chances to ascertain whether execution was obtained as soon as it might have been obtained in the ordinary course of proceeding. We have no means of determining such a question, and if we had, the statute gives no authority for doing it. The statute enjoined diligence in the prosecution of the suit, and if appellee granted a stay of execution, he did so at his peril. In *Rives* v. *Kumber*, 27 Ill. 291, a delay of sixty days in issuing execution upon a judgment against the maker of a note was held sufficient, if unexplained, to discharge the assignor. In *Spears* v. *Clark*, 7 Blackf. 283, a delay of thirty days was attended with the same result. Upon subsequent proceedings in this cause, however, it appeared that the *fi. fa.* was issued within fourteen days from the adjournment of the court in which judgment was obtained; this was regarded as sufficient diligence. *Spears* v. *Clark*, 3 Ind. 297. In this opinion the Indiana authorities are reviewed, and it seems that a delay of thirty days, after the adjournment of the court, in issuing execution against the maker of a note has not been sanctioned in that State. In the case at bar, as we have seen, execution was delayed from March 22d to June 1st, a period of seventy days, and this,

according to the authorities cited, is not due diligence. But lack of diligence on the part of the assignee does not discharge the assignor unless it has been prejudicial to him. The statute requires diligence for the purpose of subjecting the property of the maker to the payment of the note, and if this is accomplished the assignor cannot complain that it was not done as speedily as possible. To this effect are the cases cited, and all others that we have seen, and this is the spirit and intent of the law. As we have seen, judgment was obtained against Emanuel, the maker of the note, in due time, and from the time it was entered by a law of the territory it became a lien upon his real estate, for one year at least, and longer if execution should be issued within one year. Therefore, execution issued seventy days after the judgment was entered was as effectual to secure the real estate of Emanuel as if issued at an earlier day. Upon this point we refer to what is said *arguendo* in *Bank U. S.* v. *Tyler*, 4 Peters, 366.

Therefore, as to the real property of Emanuel, delay in execution could not work injury to appellant. Not so, however, as to the personal estate. To secure that an execution was necessary, and to excuse the delay in issuing it, or rather to show that such delay was not prejudicial to appellant, the declaration should show that all the personalty of Emanuel was ultimately secured, or that he had no such estate at the time judgment was obtained. In this respect the first count is defective. It is averred that Emanuel neither owned or possessed any personal property "liable to be taken in execution," but the pleader neglected to state the time to which this allegation refers. The averment, "that he obtained judgment as aforesaid against said Emanuel, at the earliest time in his power, thereby securing all the property of said Emanuel in said county," is argumentative and otherwise obnoxious to the rules of good pleading.

In the second count it is alleged "that the said Emanuel never had any goods or chattels liable to be taken in execution after the maturity of said note," and this, we think, is substantially good. As we have seen, the judgment, with

the executions issued upon it, was sufficient to subject the real property of Emanuel to the payment of the note, and if he had no personal estate the greatest diligence must have been fruitless. While, therefore, we think that the demurrer ought to have been sustained to the first count, we support the ruling of the district court as to the second, and this we infer, from the tenor of the discussion at the bar, is sufficient to determine the rights of these parties. Before passing from these counts we wish to say that, if appellant desired to object to the immaterial matter incorporated in them, there could be no objection to his doing so; but to bring the matter properly before the court he should, in framing his demurrer, have avoided the faults of his adversary.

In the third and fourth counts of the declaration appellee relied upon a promise made in consideration of forbearance to sue. We have given no attention to these counts, as they do not appear to have been relied upon. The fifth count charges liability as indorser, according to the *lex mercatoria* as it exists in some of the States, by which an indorser becomes liable upon notice of dishonor by the maker. It is hardly necessary to say that under our statute no such liability exists. The sixth count is framed upon that clause of the statute which relieves the assignee from pursuing the maker of a note, when such pursuit would be unavailing. As it conforms to the statute, we do not perceive any objection to it. Our conclusion is, that the district court erred in overruling the demurrer to the first and fifth counts, and for this and the error in assessing damages the judgment must be reversed with costs, and the cause remanded.

*Reversed.*