## HENRY F. RUTH

### v.

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa May 14, 1881.*

CRIMINAL LAW—*right to convict of one of two offences charged.* On the trial of one under an indictment for burglary and larceny, it is the province of the jury to find the defendant guilty of both or either of said offences, as the evidence may warrant, and it is error to refuse an instruction to that effect on behalf of the defendant. If the jury find him guilty of larceny, they should find the value of the property stolen.

WRIT OF ERROR to the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. F. S. MURPHY, for the plaintiff in error:

The indictment contains three counts, each one charging, by proper averments, the plaintiff in error with the crimes of burglary and larceny.

It would appear that this sort of pleading is at least tolerated, and the defendant was properly charged with both

burglary and larceny in each count.  *Lyons et al.* v. *People,* ·68 Ill. 271.

It was error to refuse the instruction that the jury might find the defendant guilty of larceny alone, if the evidence warranted it.   The evidence, plain and satisfactory, of the fact of the goods alleged to have been recently stolen, was much stronger evidence of a larceny of these goods than that defendant had committed the crime of burglary.   If this instruction had been given, there is every reason to believe the jury would have found the defendant guilty only of petit larceny.   The injustice done the accused is at once apparent on account of the different degrees of punishment for the two offences.

The motion in arrest of judgment should have been allowed. The first count charges the breaking and entering the barn of George P. Jameson, with intent to steal the goods and chattels of said Jameson; the second with breaking, etc., the barn, shed and buildings of Mary J. Callison, to commit a felony, etc.; and the third is but a variation in statement of the same felony set out in the first count.

Here are two separate and distinct felonies set out in the first and second counts.   The building, its owner, and the goods intended to·be stolen, are entirely and essentially different in the first and second counts, so we say there was a joinder of two separate and distinct felonies, which is not allowed.   Arch. Cr. Prac. & Pl. 93; 1 Bish. Cr. Prac. sec. 208; 1 Whart. Cr. L. sec. 421.

Mr. James McCartney, Attorney General, for the People:

The instruction was properly refused· as there was no evidence tending to show there could be any separation of the charges of burglary and larceny.   All the proof tends to show that the person who committed the larceny also committed the burglary, and *vice versa.*

A verdict for petit larceny under an indictment for burglary has been held void.  *People* v. *Ford,* 30 La. Ann. pt. 1, 311.·

This court has held, that where a higher and more atrocious crime embraces all the ingredients of a lesser offence, and where the evidence justifies it, the jury may convict of the lesser offence under an indictment for the greater. *Earll* v. *People,* 73 Ill. 329; *Prindeville* v. *People,* 42 id. 217; *Reynolds* v. *People,* 83 id. 479.

But a charge of burglary does not necessarily include a larceny. The breaking and entering a house for any felonious purpose constitutes a burglary. The instruction asked was clearly not the law.

Mr. J. J. TUNNICLIFFE, State's Attorney of Knox county, also for the People:

It is proper for the pleader to state the offence in as many different ways as he sees fit, to prevent a variance between the proof and the indictment. *Beasley* v. *People,* 89 Ill. 578; *Lyons* v. *People,* 68 id. 271.

The proof shows, that while Mrs. Mary Callison was the owner of the barn or stable, George P. Jameson had rented the same, and was at the time in the possession of the same.

The instruction was properly refused, because there was no evidence on which to base it. *Lamb* v. *People,* 77 Ill. 182; 32 id. 221; 37 id. 447; 44 id. 250; 45 id. 9; 48 id. 68; 71 id. 177; 77 id. 172.

Per CURIAM: This was an indictment in the Knox circuit court, against Henry F. Ruth, for burglary and larceny, the indictment charging the defendant with each offence. On the trial of the cause the defendant asked the court to instruct the jury as follows:

"Under the indictment in this case the jury may, if in the judgment and belief of the jury the evidence warrants it, find the defendant guilty of larceny, and in their verdict find the value of the property stolen, or may find the defendant guilty of burglary or larceny, or both, under the indictment in this case."

This instruction the court refused, and the defendant excepted to the decision of the court.

The defendant was on trial for burglary and larceny, and it was the province of the jury to determine from the evidence which one of the two offences was established. If the jury found the evidence established burglary, then it was the duty of the jury to find the defendant guilty of that offence. If, on the other hand, the evidence failed to show burglary, but showed larceny, then it was the duty of the jury to find the defendant guilty of larceny, and in the verdict find the value of the property stolen.

The instruction asked contained a correct proposition of law. It was proper under the indictment, and we are of opinion it should have been given, and as no other instruction contained the same principle, we think the court erred in refusing the instruction, and for this error the judgment will be reversed, and the cause remanded for another trial.

*Judgment reversed.*