# H. R. CONKLIN

## v.

# F. W. PLANT ET AL.

*Mechanics' Liens—Failure of Owner to Require Statement from Contractor—Waiver of Jurisdictional Question—Sub-contractors—Lien Law, Secs. 35 and 45.*

1.  Under the mechanics' lien law the owner may be compelled to pay to sub-contractors, material-men, etc., more than the entire contract price, in case he fails to require from the contractor the statement under oath provided for in Sec. 35.

2.  Where a defendant in an action of assumpsit under Sec. 35 of the lien law appears and submits the case to the court for trial, he can not in this court for the first time raise the point that plaintiff's remedy was by bill in chancery under Sec. 45.

[Opinion filed December 16, 1889.]

APPEAL from the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge, presiding.

Messrs. WING, STOUGH & CARTER, for appellant.

Mr. C. W. BROWN, for appellees.

LACEY, J.   This was an action in assumpsit brought by the appellees against the appellant to recover for the value of certain building material which they had furnished to one Norton, who was a contractor, with appellant, to build a house on his premises, which material was used in constructing the house, and which Norton had failed to pay for according to the contract between him and appellees.

This suit is brought under Sec. 35, Chap. 82, as amended by the Legislature in 1887; Session Laws 1887, page 221. This statute provides in substance that the original contractor, whenever any payment of money shall become due from the owner, or whenever he shall desire to draw money from the owner on his contract, shall make out and give to the owner a statement under oath of the number, name of every sub-contractor, mechanic or workman in his employ, or person

Conklin v. Plant.

furnishing materials, giving their names and the rate of wages or the terms of contract, and how much, if anything, is due or to become due to them for work done or materials furnished. Then the section gives the owner the right to retain the money to pay such material-men and laborers, and gives him the right to pay them.

The section then provides that until such statement is made the contractor shall have no right of action or lien against the owner on account of such contract, and that any payment made by the owner on account of such contract and before such statement is made, or without retaining sufficient money, if that amount is due or to become due, to pay such material-men, etc., shall be deemed illegal and in violation of the rights of such material-men, etc. The balance of the section need not be stated as it is not material to the decision of the case.

The appellant's contract was in writing, with Norton, who was to build the house for appellant and furnish the window blinds for the sum of $2,554. The house was to be finished November 1, 1887. The appellees furnished lumber and material to Norton, the contractor, which were used in the construction of the house, from time to time, the last item being November 7, 1887, and gave the statutory notice November 17, 1887, to appellant, notifying him that they should hold the ground and building of appellant for the amount of the bill, which was $226.26. The last items of appellee's account were October 10th and November 7th, and the notice was within forty days from the time the material should have been paid for.

There is therefore no question and can be none that the notice was given in the time required by the statute. The court below gave judgment against appellant for the amount of appellee's claim. From that judgment this appeal is taken.

The contractor, Norton, gave appellant no statement under oath in the manner required by section No. 35, above recited, and therefore all payments made in violation of that section without the required statement were illegal, and it would have been illegal even if the statement had been made out unless the owner of the building had retained sufficient money, if that amount had been due or was to become due under the

contract, to pay all those persons having a lien under the statute, of whom appellees were a part. And in case there had not been enough to pay all, he should have retained the whole contract price. If these regulations are not observed as required by the statute the rights of those lienors protected by the statute are not affected by reason of such payments made in violation of the statute.

Section No. 29 also provides that the same class of persons, workmen, material-men, etc., shall have a lien on the lot and buildings of the owner of the house for their materials and labor, but further provides that "In no case shall the owner be compelled to pay a greater sum for or on account of such house, building or other improvement than the price or sum stipulated in the original contract or agreement, unless payment be made to the original contractor or to his order, in violation of the rights and interests of persons intended to be benefited by section thirty-five of this act."

The intention of the law seems to be to require the statement under oath, so that all those having a lien may be fully protected to the extent of the price the contractor is receiving for the work, and if there is not enough to pay those entitled to a lien under the statute, then a *pro rata* share in proportion to their respective claims. The statute is ample and the owner of the building may be fully protected by simply requiring the contractor to make out the required statement, which he is required to do under heavy penalties after demand by the owner of the building. It will be seen by the statute that the owner may be compelled to pay more than the contract price provided he fails to comply with the provisions of the statute. The statute protects him fully to this extent "unless," using the language of the statute, "payment be made to the original contractor or to his order, in violation of the rights and interests of the persons intended to be benefited by section thirty-five" of the act. Section 35 is the one in which the statement under oath is required to be made out by the contractor. It is insisted here by counsel for appellant that all the money that has been paid out has been paid for labor and material, and that it already aggregates more than the original contract price, and hence, under the

Conklin v. Plant.

statute, he is protected from paying any other or further claims. While from the evidence we think he would entirely fail in establishing such claim, yet, we do not think it necessary to go into a calculation to establish the truth or falsity of it, as under the statute we are clearly of the opinion that everything that appellant has paid out has been in violation of this act so far as the rights of appellees and others who have not received their pay is concerned. The appellant, however, stands in no danger from those whom he has paid in full. We find the Supreme Court has construed the statute in the same way. Butler et al. v. Gain, Vol. 21, No. 4, page 350, N. E. Rep.

In this case the appellant's attorney makes the point that the house was abandoned and appellant was compelled to take charge of it and finish it and that therefore suit should have been begun by petition under section No. 45. It does not appear that appellant regarded the contract as abandoned or that he is claiming damages in consequence of such abandonment. He took the supervision of the work but it appears to have been carried on under the original contract, and a settlement was expected to be made with Norton the same as though he had done the work. The taking supervision of the work and hiring workmen and buying material on his own account did not entitle him to protection against other material-men whose claims had accrued and who were unpaid and who had a right to recover up to that time by reason of their claims and the violation of the statute by appellant, or even after, if material was received and used by appellant.

The statute authorizes a suit of this kind, and as the appellant has no defense to it, and appellees are not compelled to take any *pro rata* share, but are entitled to their claim in full, we see no valid reason why they should be driven to file a petition under Sec. 45.

Besides, appellant made no objection to the jurisdiction of the court in the court below, but waived a jury and submitted his case to the judge for trial. It is too late to make such objection here. Birks v. Houston, etc., 63 Ill. 77; Hyslop et al. v. Finch, 99 Ill. 185.

Finding no error in the record the judgment of the court below is affirmed.                    *Judgment affirmed.*