ROBERT A. HINTZE ET AL.

v.

JOHN W. WEISS, SR., ET AL.

*Mechanics' Liens—Failure of Owner to Require Statement from Contractor—Payment of Contractor in Full—Rights of Sub-contractor.*

Where the owner of a building disregards his statutory duty of requiring from the contractor a statement of the amounts due sub-contractors

and material-men before paying such contractor, such payments are to be considered as illegal and in violation of the rights of a sub-contractor who has complied with the statutory conditions necessary to render the owner liable to him for the amount due him by the main contractor, and can not be set up as a defense against such sub-contractor's claim.

[Opinion filed December 12, 1892.]

APPEAL from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding.

Mr. FRANK G. ALLEN, for appellants.

Messrs. MAYO & WIDMER, for appellees.

Mr. JUSTICE CARTWRIGHT. Hintze and Weiss were sub-contractors who furnished doors and finishing lumber used in the construction of a house for Charles Beckwith, on certain lots in Ottawa, Illinois, in pursuance of the purposes of an original contract between said Beckwith, owner of the premises, and Weiss & Wolf, contractors and builders, in which contract Gustave Kneussl was surety for such original contractors. Beckwith knew that materials were being furnished by appellants and gave them directions concerning the manner of making the doors. The bills for materials so furnished amounted to $172.10, and being due and unpaid, appellants served notice of their claim upon Beckwith about February 24, 1891, within forty days from the maturity of the bills. Appellants filed their bill in this case for a lien on the premises as such sub-contractors, March 23, 1891, within the time allotted by statute. The original contract price was $2,896, payable as the work progresse1. Before the service of notice by appellants, Beckwith had paid to Weiss & Wolf, or on their orders, $2,808.82, without demanding or receiving from them any statement of the number or names of sub-contractors, mechanics or workmen in their employ, or persons furnishing materials, with their names or the rate of wages, or the terms of contract, or how much, if anything, was due or to become due to them, or any of

them, for work done or materials furnished, and he had
wholly disregarded the provisions of the statute concerning
such statement. Weiss & Wolf had abandoned the house,
which was not then completed, and there was not more
than enough remaining unpaid of the contract price to com-
plete the house. The foregoing facts appeared upon the
hearing, and the court dismissed the bill at appellants' costs
for want of equity.

Appellants claim a lien by virtue of the statute as
amended and in force July 1, 1887, by which such lien is
given to sub-contractors furnishing materials in building
any house in pursuance of the original contract between the
owner of the premises and the original contractor. The
statute made their right to a lien also dependent upon their
giving notice to Beckwith of their employment and the
nature of their undertaking, within forty days after pay-
ment should have been made to them, unless the necessity
of such notice should be obviated by correct information
in the statement to be required of Weiss & Wolf. The
giving of such notice within that time was all that was
required by statute of appellants as against Beckwith to
secure and preserve a lien, and to enable them to enforce it
by suit within the time allowed by law. Appellants hav-
ing furnished the materials and complied with the statute,
had performed their duty. When they had done those
things there was nothing due to the original contractors
from the owner. Unless this fact deprives them of their
right to a lien by force of Sec. 33 of the statute, it should
have been decreed to them. That section limits the right
to a lien to the amount due the original contractor at the
time of giving notice, or such amount as may thereafter
become due. This provision was a part of the statute
before the amendments of 1887, and if it can not be recon-
ciled with them it must yield to them. Section 35 as
amended in 1887, declared that the original contractors
should have no right of action or lien on account of the
contract until they should make the statement therein pro
vided for; that any payment made before such statement

Hintze v. Weiss.

should be illegal, and that payments so made should not affect the right of sub-contractors to a lien.

It was also provided that in order that the owner might be protected, he should have the right to demand the statement at any time, and to enforce the furnishing of it under a heavy penalty. The owner would need no protection if he could never become liable for more than the contract price. It was such a liability that the legislature apparently intended to protect the owner against, by enabling him to make payments as they might become due, and at the same time protect himself by enforcing the making of the statement. The sub-contractor has no power to compel the making of the statement. He is not a party to the original contract, nor presumed to be informed of the time when payments are about to be made, or when the contractor may become entitled to them. The original contractor may collect or receive from the owner moneys at times not known or anticipated by the sub-contractor, and without the protection of the provisions concerning a statement, the sub-contractor might be unpaid through negligence or fraud on the part of others.

The owner has the power to enforce the making of the statement both by withholding payment and by demanding the statement. When the statement is made the owner is bound to retain out of any money due or to become due to the contractor, an amount sufficient to pay all demands due or to become due to sub-contractors as shown by the statement, and to pay the same directly to the sub-contractors according to their respective rights, which payments are to be considered the same as if made to the original contractor. If the owner disregards the duty with which he is charged for the benefit of sub-contractors, and makes payments without requiring the statement, such payments are by the statute to be considered illegal and made in violation of the rights of the persons intended to be benefited by the act. Inasmuch as such payments were declared by the amendatory act not to affect the right to a lien, it seems that they should not be taken account of under Sec. 33 in determining that

right for the purpose of defeating the right, and as they were declared to be illegal they can not, under Sec. 33, be considered as lawful reductions of the contract price. We think that in determining whether anything was due to Weiss & Wolf from Beckwith, under the provisions of that section, such illegal payments, not affecting the right to a lien, as were made in disregard of the statute, should not be taken into account. No statements were required or received by Beckwith, and the right of appellants to a lien was not affected by the payments made. Conklin v. Plant, 34 Ill. App. 264; Chicago Sash, Door and Blind Mfg. Co. v. Shaw, 44 Ill. App. 618.

The decree of the Circuit Court will be reversed and the cause remanded with directions to enter a decree in accordance with the prayer of appellants' bill.

*Reversed and remanded.*