## COLUMBUS C. SMITH

*v.*

## SARAH J. BRITTENHAM.

| | |
|---|---|
| 88 | 291 |
| 29a | 625 |
| 88 | 291 |
| 44a | 234 |
| 44a | 239 |
| 88 | 291 |
| 50a | 334 |
| 88 | 291 |
| 57a | 436 |
| 88 | 291 |
| 79a | 605 |
| 88 | 291 |
| 180 | 498 |

1.  APPEAL—*from refusal to vacate decree, does not involve prior proceedings.* Where a final decree is rendered in a chancery suit upon the default of the defendant, and he applies at the next term thereafter, and asks to have the decree vacated and be allowed to defend, which is denied, and he appeals to this court, the appeal, it seems, will bring up nothing more than the decision overruling his application to vacate the decree and be allowed to defend.

2.  CHANCERY—*answering term after decree.* It is doubtful whether sec. 17 of the chancery code, which provides for allowing a defendant to file his answer at the next term after decree, upon showing cause and paying costs, has reference to a decree ordering a bill to be taken for confessed, or to final decrees.

3.  SAME—*setting aside decree, a matter of discretion.* The vacating, or opening of decrees, and allowing a defense to the merits, is a matter within the sound legal discretion with which circuit courts are clothed, that will not be reviewed in an appellate court, except on such abuse as may work palpable injustice. It is not a matter of right.

4.  Where a defendant in chancery has been duly served with process, and has notice of every step in the cause, and has every opportunity afforded him of making a defense, and he deliberately elects not to appear and defend, and, after decree *pro confesso,* is notified of the taking of proof before the master, and refuses to attend, there is no abuse of discretion in refusing to allow him to answer and defend after final decree is entered against him.

Appeal from the Circuit Court of DeWitt county; the Hon.
Lyman Lacey, Judge, presiding.

Messrs. Tipton & Pollock, for the appellant.

Messrs. Lodge, Huston & Weldon, for the appellee.

Mr. Justice Scott delivered the opinion of the Court:

On the 12th day of January, 1869, Sarah J. Brittenham,
who was the owner in fee simple, conveyed the lands in con-
troversy to Columbus C. Smith, and this bill was filed by her
to set aside the conveyance, because of the fraud, as she alleges,
practiced upon her to induce the making of the deed. It is
charged, the lands were sold to defendant for $14,000, to be
paid for by a stock of goods, to be delivered to complainant's
husband, since deceased, at invoice prices; and the difference
either way was to be made up by the party against whom it
should be found to exist. An invoice was made, showing the
value of the stock of goods to be about $15,000, but the bill
charges it was false and fraudulent, and made with a view to
defraud complainant; that many of the goods invoiced were
never delivered to her or her husband; that others were in-
voiced at fictitious prices; and the whole value of the entire
stock of goods actually received did not exceed $4000.

One reason assigned why the alleged fraud practiced was
not sooner discovered was, that complainant was herself wholly
unacquainted with such business—that it was managed by her
husband, who was then afflicted with unsoundness of mind, and
so continued until his death, and, by reason of such unsound-
ness of mind, he was unfit to detect the fraud or protect the
rights of complainant. After the alleged frauds were discov-
ered no unreasonable delay was suffered to intervene before
this bill was filed.

It is also alleged, the rents of the lands since defendant came
into possession exceed in value all the goods delivered to
complainant's husband, and the prayer of the bill is that the

conveyance of the lands be set aside, and for other and further relief.

Service of summons was had on defendant more than ten days before the September term, 1874. A rule was laid upon him at that term of court to answer the bill, and the cause seems to have been then continued. At the ensued December term of court, there being no appearance by defendant or any one for him, a default was entered, and a decree made ordering the bill to be taken as confessed as against defendant. At the December term of court, 1876, the cause was referred to the master in chancery to take testimony, and state an account of the rents of the lands. Notice was given to defendant of the time when and place where the master would take testimony, but he did not attend or any one for him. Testimony was taken, from which the master found the value of the goods delivered to be $4500, and the rental value of the lands during the time defendant was in possession to be $5300. The report was approved by the court, and a final decree rendered at that term granting relief substantially as prayed for in the bill. Having given previous notice of his intention so to do, defendant, at the March term of court, 1877, entered a motion to vacate the decree in the cause and for leave to answer the bill. With the motion defendant submitted an offer to pay all costs of the preceding terms, and tendered an answer, supported by affidavits. Counter affidavits were filed, and on the hearing the court overruled the motion, and from that decision defendant prosecutes this appeal.

It is not perceived how the appeal, in this case, can bring before this court anything but the decision of the circuit court overruling the motion of defendant to vacate the decree in the cause, and for leave to answer to the merits of complainant's bill. Section 17 of the chancery act provides, " if the defendant shall appear at the next term and offer to file his answer to the bill, the court may permit him to do so, upon his showing sufficient cause and paying costs of preceding terms." Whether this provision of the statute has reference to decrees ordering

a bill to be taken for confessed, or to final decrees, admits of some doubt. If the former is meant, the motion made to vacate and for leave to answer, in this case came too late. More than two years had elapsed after the decree ordering the bill to be taken as confessed against defendant, before any motion was made to vacate the decree in this cause. But if it applies as well to final decrees, then the motion was properly made at the next succeeding term of court after the final decree was entered in the cause. Setting aside decrees under this section of the chancery act, has been the subject of incidental discussion in numerous cases in this court, and in every instance, so far as we have observed, the matter has been treated as being within that sound legal discretion with which circuit courts are clothed, that will not be reviewed in an appellate court, unless there has been such abuse as may work palpable injustice. The very terms employed in the statute give sanction to this construction. It is said, the "court may permit" defendant to file his answer to the bill against him "upon his showing sufficient cause." Leave is not given as a matter of right, but for what the court, in the exercise of a sound legal discretion, shall deem "sufficient cause," such defendant may be permitted to open the decree against him, on presenting his answer to the bill, and defend as to the merits of the cause, but not otherwise. *Dunn* v. *Keegin*, 3 Scam. 292; *Grubb* v. *Crane*, 4 Scam. 155; *Norton* v. *Hixon*, 25 Ill. 456; *Schneider* v. *Seibert*, 50 Ill. 289.

No reason whatever is shown for vacating the decree in this cause, and permitting defendant to come in at this late day, file his answer, and make that defense on the merits which he deliberately elected not to do when the cause was pending and undetermined in the circuit court. Defendant had previously been served with summons, and when, at the December term of court, 1874, the decree ordering the bill to be taken as confessed as against him was made, he was asked by the officers of the court if he did not intend to defend the suit, and his reply was, he did not. One of these witnesses, who

was clerk of the circuit court at the time, had several conversations with him on this subject, and he testifies defendant always persisted in his refusal to defend the suit. Afterwards, when the cause was referred to the master in chancery at the December term of court, 1876, defendant was served with written notice of the time when and place where the testimony would be taken, but he refused to attend, saying, "all right, go ahead." His first appearance in court was at the next term after final decree was entered against him, when he made his motion, under the statute, to vacate the decree in this cause. This he ought not to be permitted to do. The facts, about which there can be no controversy, constitute no "sufficient cause" for the exercising of the discretionary power of the court in his behalf. He had actual notice of every step that was taken in the case. This is not denied. Opportunity was afforded him at every step of the case, and his attention was called to what was being done, that he might make his defense, whatever it might be, but he deliberately elected not to do so, and certainly he can not now with any show of justice ask the court to exercise a discretion in his behalf to grant him equitable relief. Defendant had his day in court, with nothing to prevent him from making his defense, and if the decree operates oppressively upon him, it is a result that must be attributed to his own neglect and not to any accident or misfortune.

This view being conclusive of the whole case as it now comes before us, we forbear to remark upon the merits of the case. The decree will be affirmed.

*Decree affirmed.*