COLUMBUS C. SMITH

*v.*

SARAH J. BRITTENHAM.

*Filed at Springfield March 24, 1880.*

1. TRANSCRIPT OF RECORD on *appeal or error—what questions to be considered on second appeal—remedy as to rulings of this court.* If the decision of this court in a particular case is not satisfactory to the parties, the only remedy is to make application for a rehearing. Any supposed errors which may have intervened in a cause prior to an appeal or writ of error, will not be considered upon any subsequent appeal or writ of error. Cases can not be brought to this court and considered in fragments.

2. Errors occurring in the proceedings in a cause after it has been considered in this court, however, may of course 'be inquired into upon a second appeal or writ of error, but, for that purpose only so much of the record as is essential to the presentation of what is claimed to be such subsequent errors, should be brought up.

3. SAME—*as to costs on record not necessary.* Upon a second appeal in the same cause, the party appealing filed, as a part of his record in this court, the transcript as made up when the case was considered on the first appeal. On motion to strike from the files such original transcript, it was considered as not necessary to the consideration of the alleged errors occurring since the first appeal, and as the questions involved therein could not be reconsidered in this mode by this court, that part of the record was unnecessarily and improperly brought here,—so it was stricken from the files, at the costs of the appellant.

4. RE-DOCKETING CAUSE *on remandment by Appellate Court—notice thereof.* In giving the ten days' notice of an intention to file a remanding order from an Appellate Court, in the court below, upon the reversal of a judgment or decree, the statute does not require that the ten days should expire before the first day of the term of the court in which it is proposed to reinstate the case. It is enough that "not less than ten days' notice" be given, though the time may expire during the term.

5. WRIT OF POSSESSION—*within what time to be awarded.* A decree was entered in a cause, settling rights in respect to certain lands, and giving the defendant thirty days within which to voluntarily surrender the possession. On error to the Appellate Court that decree was affirmed in all respects except as to a clause therein, authorizing the clerk to issue a writ of assistance in vacation,—in respect to that clause the decree was reversed, and the cause remanded. Upon reinstating the cause in the court below, and within less than thirty days thereafter, that court awarded a writ of possession. It was *held* the thirty days allowed by the decree in which the defendant might surrender possession, should not be counted from the reinstating of the cause on the docket, but from the affirmance of the decree in the Appellate Court.

APPEAL from the Appellate Court for the Third District.

Messrs. MOORE & WARNER, for the appellant.

Messrs. LODGE & HUSTON, and Mr. L. WELDON, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellant has filed, as a part of his record, the record of this case, as it was made up when considered by us at a former term. *Smith* v. *Brittenham*, 88 Ill. 291.

A motion was made by appellee, before the case was taken, to strike this part of the record from the files. We reserved our decision on this motion until the final hearing; and now, having considered the case, we think it very clear the motion should be allowed.

That record has been disposed of. If the judgment pronounced, and opinion filed upon it, were not satisfactory, the only remedy was by an application for a rehearing. We have often held that a case can not be brought here and considered in fragments. Errors occurring since the case was here before may, of course, be inquired into, but, for that purpose, so much of the record as is essential to the presentation of what is claimed to be such errors, should only be brought up. All cost and expense incurred by this unnecessary record must be taxed against appellant.

The only questions that we can consider are those arising on the errors alleged to have occurred since the first decision, in the case, of the Appellate Court for the Third District. That decision has never been interfered with, either on appeal or error, and, like the former decision of this court in the case, it is now *res judicata*. *Chicago and Alton R. R. Co.* v. *The People ex rel. etc.* 72 Ill. 82; *Rising et ux.* v. *Carr*, 70 id. 596; *Campbell* v. *Rankin*, 99 U. S. (9 Otto) 261.

Did, then, the circuit court err in redocketing the case at the March term, 1879, and in awarding, at that term, a writ of possession? It is conceded that appellant had sufficient notice of the intention of appellee to redocket the case,—for at least ten days before it was redocketed; but the objection taken is that this ten days did not expire before the first day of that term of court. The statute does not require that the ten days' notice shall be given before the first day of the term

of court, but simply that "not less than ten days' notice" shall be given, etc. Rev. Stat. 1874, p. 785, § 84. The statute does not limit the time to the commencement of the term, and we perceive no satisfactory reason for holding that such a limitation must have been within the contemplation of the legislature. We think the notice was sufficient, and that the cause was properly docketed at the March term, 1879.

The only objection taken to the awarding of the writ of possession is, that appellant was entitled to thirty days in which to voluntarily surrender possession, and that no writ could be awarded until the expiration of that time.

The final decree gave appellant thirty days, it is true, within which to surrender possession, but this thirty days is not to be counted from the reinstating of the cause on the docket, but from the affirmance of the decree in the Appellate Court,—and more than thirty days had expired after that affirmance before the writ was awarded.

Perceiving no error in the record, the decree of the Appellate Court is affirmed.

*Decree affirmed.*

Subsequently, upon an application for a rehearing, the following additional opinion was filed:

Per CURIAM: A petition for a rehearing in the foregoing cause has been presented, based upon the assumption that the entire record in the cause, from its inception to and including the last order made in the Appellate Court, is now before us upon a *writ of error*. This is a misapprehension. The record before us is brought by *appeal*, and it brings before us for review only the record of the Appellate Court reviewing so much of the record of the circuit court as was brought before the Appellate Court by *appeal*, and this appeal is not from the decree of the Appellate Court of its November term, 1878, which affirmed the prior decree of the circuit court in all respects, except in respect of the directing a writ of assistance to issue, but from the decree of the Appellate

Court of its May term, 1879, affirming a decree of the circuit court made subsequent to the November term, 1878, of the Appellate Court, and directing another writ of assistance to issue.

This misapprehension of the record renders the points discussed in the petition, as we conceive, entirely inapplicable to the case.

We see no cause to depart from the conclusion reached in the former consideration of the case.

The prayer of the petition for rehearing is denied.

*Rehearing denied.*