# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

FIRST DISTRICT—MARCH TERM, 1896.

## Emma Rimmer v. O'Brien-Green Company.

1. MECHANIC'S LIEN—*Result of Employing Irresponsible Contractors.*
—To pay for an inferior house, a kind of house for which the owner
never contracted, is a hardship imposed by the mechanic's lien law, as
the result of employing irresponsible contractors, who do not pay for
their materials.

2. INTEREST.—*Vexatious Delay of Payment.*—Where it is not shown
that a party is guilty of withholding money by an unreasonable and
vexatious delay of payment, there is no ground for charging such party
with interest.

3. CHANCERY PRACTICE—*Review of Conclusions of Fact.*—Where a
party fails to have the master state upon what evidence he founds his
conclusions of fact, the court can not review such conclusions.

4. SAME—*Return of the Evidence upon Which Conclusions are
Found.*—It is not for a party to say upon what evidence the master
found his conclusions, and attaching to the exceptions the evidence
upon which such party assumed that the master based his conclusions
is not a compliance with the rule.

5. MASTER IN CHANCERY—*Entitled to Fees Before He Reports.*—A
party can not require a master to return into court the evidence given
before him at the instance of such party, without paying him for tak-
ing it.

6. FEES—*The Question of Overcharges Must be First Raised in the
Court Below.*—The question as to whether a master demanded too much,
can not be determined in this court when it has not been passed upon by
the court below.

7. COSTS—*Taxation of.*—Ordinarily, the taxation of costs is the duty
of the clerk only.

(104)

**Proceedings for Mechanic's Lien.**—Appeal from the Superior Court of Cook County; the Hon. John Barton Payne, Judge, presiding. Heard in this court at the March term, 1896.    Affirmed in part and reversed in part.    Opinion filed April 27, 1896.

Farson & Greenfield, attorneys for appellant.

Costs are entirely a matter of statutory regulation, and they can only be assessed when allowed by the statute.    Chicago and Aurora R. R. Co. v. Dunning, 18 Ill. 494; Constant v. Matteson, 22 Ill. 546, 560; Eimer v. Eimer, 47 Ill. 373; Conwell v. McCowan, 53 Ill. 363; Harvey v. Harvey, 87 Ill. 54; Cooper v. McNeil, 9 Brad. 97; Poppers v. Meager, 33 Ill. App. 22; Union County v. Axley, 53 Ill. App. 673.

The statutory regulations on this subject will be found in the following places: Hurd's Rev. Stat. 1891, Chap. 90, Sec. 9, title, "Masters in Chancery;" Hurd's Rev. Stat. 1891, Chap. 53, Sec. 20, title, "Fees and Salaries;" Hurd's Rev. Stat. 1891, Chap. 82, Sec. 27, title, "Liens;" Hurd's Rev. Stat. 1891, Chap. 33, Secs. 18 and 25, title, "Costs."

The costs can be assessed against a party only as an incident to a judgment or decree determining some right or question in favor of one party and against another.    Millard v. Cooper, 6 Brad. 420; Poppers v. Meager, 33 Ill. App. 20, 23.

It was error in any event to order the payment of "master's fees," generally, without fixing the amount thereof. Olds v. Loomis, 10 Brad. 498, 505; Poppers v. Meager, 33 Ill. App. 20.

The approval of the master's report was not the passing upon or approval of the fees charged by him against the appellant.    Brown v. Mortgage Co., 110 Ill. 235, 240.

The confirmation of the report operated as an overruling of the exceptions, although not specifically overruled in the decree.    Portoues v. Holmes, 33 Ill. App. 312.

No objections or exceptions are necessary in order to review the findings of the master upon questions of law. Hurd v. Goodrich, 59 Ill. 456; Von Tobel v. Ostrander, 42 N. E. Rep. 152; 56 Ill. App. 381.

Levi Sprague, attorney for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is a petition by the appellee to establish a lien upon premises of the appellant, for lumber supplied by the appellee to Farr Brothers for a house built by them for, and under contract with, the appellant.

The case having been referred to a master to state an account, he reported in favor of the appellee for the sum of $417.90, with interest from January 1, 1893.

The master's report shows that Farr Brothers did not complete the work in accordance with their contract, but in many particulars substituted inferior materials and workmanship. Although their contract was in writing, they could not have claimed interest, because they were in fault and had not obtained architect's certificates as their contract with the appellant required to entitle them to payment.

The appellee had no contract in writing, and the master did not report that the appellant had withheld any money by an unreasonable and vexatious delay of payment; so that no ground for charging her with interest is in the case. It is a hardship upon her to be compelled to pay at all for an inferior house—a kind of house for which she never contracted. But that is a hardship frequently following the employment of irresponsible contractors, who do not pay for their materials. It is a hardship imposed by statute. Sec. 45, Ch. 82, " Liens," Act of 1874.

The statute concerning interest does not impose the additional hardship of paying interest; she may have had good cause to contest the claim of appellee, and for aught that appears, did so in good faith. Devine v. Edwards, 101 Ill. 138, and note.

Upon this record we can not review the conclusions of fact, because the appellant did not take steps to have the master state upon what evidence he found the conclusions, respectively, to which objections were made and exceptions taken. We have gone into this subject at length in Mc-Mannomy v. Walker, 63 Ill. App., 259, and refer to it for reasons.

Exceptions to the report were filed by the appellant December 16, 1895, and on that day, on motion of the appellee, the court entered an order "That the defendant, Emma Rimmer, pay the master's fees and file her evidence in this court by January 10, 1896, or said evidence shall be disregarded and said master's report sustained and a decree entered."

January 14, 1896, the decree was entered. On the same day, whether before or after the decree may be doubtful, but we will assume that it was before, the appellant moved the court to set aside the order of December 16, 1895, and if that were denied, to set the cause down for hearing "upon the complainant's testimony now on file, and the exceptions of the defendant to the master's report."

It is true that the appellant appended to her several exceptions the evidence upon which she assumed that the master had found his conclusions that she excepted to. But it was not for her to say what evidence the master found any conclusion upon. The other side might dispute the assumption, and thus impose upon the court the labor of searching the whole evidence, if such exceptions were considered. She could not require the master to return into court the evidence given before him at her instance, without paying him for taking it. An officer is entitled to pay for his services as he renders them. People v. Rockwell, 2 Scam. 3; People v. Harlow, 29 Ill. 43.

No motion was made calling upon the court to fix the sum that the master was entitled to. Sec. 20, Ch. 53, R. S., "Fees." No motion for an order upon him to return her evidence upon any terms. Whether he demanded too much is a question not before us, as it has never been passed upon by the Superior Court.

The decree for the appellee was for the sum of $417.90, "with interest and costs of suit, including the sum of $274, master's fees, to be taxed as part of said costs." Ordinarily the taxation of costs is the duty of the clerk only. Miller v. Adams, 4 Scam. 195; Peoria and Bureau Valley R. R. v. Bryant, 15 Ill. 438; Secs. 25 to 28, Ch. 33, R. S., "Costs."

But in this county the court awards compensation to masters in chancery, as provided in Sec. 20, before cited.

The decree is reversed as to the interest before the decree, and affirmed for $417.90 with costs, as therein mentioned; the only change made being in striking out the interest accruing before the decree.

The appellant had sufficient cause to appeal, and will recover her costs in this court.