### The Nutriment Co. v. George Green Lumber Co.

1. MECHANICS' LIENS—*Subcontractors—Duty of the Owner.*—Under section 5 of the mechanics' lien law (Hurd's R. S. 1899, 1110), it is the duty of the owner, before he can safely make payments, to require of the contractor a statement of all persons furnishing materials, giving the names, and how much, if anything, is due them, and when the same will become due, and it is the duty of the original contractor to furnish such statement upon request.

2. SAME—*Duty of the Subcontractor.*—By section twenty-three of the act it is the duty of the subcontractor to furnish to the owner a statement of the persons furnishing materials, giving the names, and how much, if anything, is due them, and when the same will become due.

**Mechanic's Lien.**—Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed March 29, 1901.

GEORGE W. HALL, attorney for appellant.

LEVI SPRAGUE, attorney for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Appellee filed its petition seeking, as subcontractor, to establish a mechanic's lien for material furnished and used in the erection of a certain building upon the premises described in said petition, making appellant, as owner, and the Parks-Baldwin Building Company as original contractor, parties defendant, together with others said to be interested. Appellee claims under a verbal contract with said

original contractor, but alleges that the material having been furnished, said contractor refused or neglected to pay according to its agreement. Thereupon appellee, within sixty days from the date of furnishing the last of the material called for under said agreement, caused a written notice of its claim to be served upon appellant in accordance with the requirements of the statute. Sec. 25, Mechanic's Lien Act.

The Nutriment Company, appellant herein, answered, admitting its contract with the Parks-Baldwin Company for erection of the building, but denied that there is anything due from it to such original contractor, alleging that said contractor is largely indebted to said appellant for failure to perform its contract. The other defendants failed to appear and were defaulted.

The master finds that appellee, having served notice upon the owner as required by the provision of the statute above referred to, thereupon became entitled to a lien to the extent of its claim, upon all the funds in said owner's hands not yet paid over in accordance with the original contract, and also to such funds or moneys as had been so paid over, but wrongfully as against appellee. The master further finds that said appellant, The Nutriment Company, has not exercised the rights and powers conferred upon it as owner by sections 5 and 23 of the mechanics' lien act, and that therefore no payments made by it to the original contractor should be regarded rightfully made as against appellee. Section 5, so referred to, makes it the duty of the contractor, within ten days after the contract is made and before commencing work thereunder, to give the owner a verified statement of the names and addresses of all subcontractors and the amount to become due each, and also makes it the duty of the owner to require such statement. Section 23 makes it the duty of each subcontractor, upon the request of the owner, to make out and furnish the latter a statement of the persons furnishing material, how much is due or to become due to each, and when the same becomes due. Section 33 of the act is as follows:

" No payments to the contractor or to his order shall be regarded as rightfully made as against the subcontractor or party furnishing material, if made by the owner without exercising or enforcing the rights and powers conferred upon him in sections 5 and 23 of the act."

There is no evidence tending to show any effort by appellant to exercise or enforce its rights under the sections of the statute referred to.   Those sections expressly require the owner to take the initiative by requiring or requesting such statements.   By section 5 it is made the duty of the owner to require a statement, as provided by the original contractor, if not furnished otherwise; and by section 23 it is made the duty of the subcontractor to furnish the owner a statement, as provided, upon the owner's request therefor.   Section 33 requires the owner to make use of the means so provided for obtaining the information, at peril otherwise of losing any right to be credited, as against a subcontractor, with payments made without such precautions.   Cases arising under the former statute not containing these express provisions are not, of course, in point, but the argument in Chicago Sash & Blind Mfg. Co. v. Shaw, 44 Ill. App. 618 (624), and the conclusion there stated, are applicable in the case at bar under the present statute.

" Defendant in error could not lawfully pay to the contractor or his order without a sworn statement, to the injury of plaintiff in error and against the express prohibition of the statute.   This is the very thing that the legislature intended to protect the subcontractor against, and defendant in error having paid to the contractor or to his order without such statement, sums far in excess of the amount due plaintiff in error, such payments were, by the statute, made illegal, and the right of plaintiff in error to a lien was not affected thereby."

We are aware that the conclusion in that case was not sustained by the Supreme Court.   (144 Ill. 520.)   But the statute then under consideration, unlike the law of 1895, did not " make it the legal duty of the owner to require of the contractor the statements provided for."   But section 5 of the present law expressly makes it the duty of the owner so to do.   In other respects also the statute is materially

Nutriment Co. v. George Green Lumber Co.

changed. The construction placed in the last cited case upon the words "the persons intended to be benefited by the act" (144 Ill. on page 531, *supra*) would now include, we think, those "named in the original contractor's statement to the owner, and whose claims the owner should thereby be notified, provided the owner performed the duty of requiring such statement, in accordance with section 5.

It is said by appellant that the master refused, unless furnished a copy of the testimony introduced in behalf of appellant, to consider such testimony. The master reports that he notified appellant's attorney he had entered a rule requiring a transcript of appellant's evidence to be filed by a day named, in default of which such testimony would be disregarded in making up the master's report. The rule was not complied with, and the master states in his report that he accordingly disregarded such testimony. Appellant's counsel moved for an order on the master to file with his report all the evidence heard by him, including that of which appellant had refused to furnish a transcript, which motion the Circuit Court, upon hearing, denied, and we think rightfully. The testimony had been heard by the master orally, but the stenographer, who it appears took the notes of his own volition and not by request of appellant, was not required to furnish a transcript to the master without compensation for his labor, and this the master was under no obligation to pay or advance for the benefit of appellant or its counsel. Under such circumstances that testimony could scarcely be considered as before the master when he made his report, and it must necessarily have been disregarded, since appellant made no effort to preserve or present it in any way whatever. We regard the inference as justifiable that appellant's counsel did not himself think such testimony material or beneficial to his client's case, and that no harm was suffered by its being disregarded. A similar question arose in Rimmer v. O'Brien-Green Co., 64 Ill. App. 104, and the decree was sustained. See cases therein cited.

Complaint is made as to the introduction of complainant's

exhibit one. This was the statement of account for material furnished, and certified to by the original contractor as furnished according to agreement. Its correctness was not denied and was sufficiently proven; and without taking time to discuss the evidence in detail, it must suffice to say that we are satisfied no error was committed in this respect. The evidence is not controverted, tending to show that the material therein described was delivered upon the premises in controversy.

It is urged that the decree is erroneous in holding both the original contractor and the owner personally liable for the amount due complainant. Section 29 of the act under review provides that all suits by subcontractors shall be against the owner and contractor jointly, and that " all such judgments, where the lien is established, shall be against both jointly, but shall be enforced against the owner only to the extent that he is liable under his contract as by this act provided." As, however, there is no assignment of error in this respect, we have no occasion to consider the objection at length.

A supplemental report was filed by the master pursuant to an order of court containing full references to the evidence upon which his several findings and conclusions were based, to which no objections or exceptions were filed. We have, however, in view of the importance of questions involved, chosen to consider some matters not properly presented in the record although argued in the briefs.

The judgment of the Circuit Court must be affirmed