### THE NUTRIMENT COMPANY

*v.*

### THE GEORGE GREEN LUMBER COMPANY.

*Opinion filed February 21, 1902—Rehearing denied April 4, 1902.*

1. MASTERS IN CHANCERY—*it is the master's duty to reduce testimony to writing.* It is the duty of a master in chancery to hear the witnesses, to cause their testimony to be taken and reduced to writing and to report the same to the court, and all he can demand for so doing are the fees allowed by statute.

2. SAME—*master cannot require litigant to pay stenographer's charges for transcribing testimony.* A master in chancery has no authority to require a litigant to pay the charges of a stenographer for taking and transcribing testimony, in addition to the fees allowed him by statute for performing the same duty, and to make such payment the condition upon which he will consider the testimony.

*Nutriment Co. v. George Green Lumber Co.* 94 Ill. App. 342, reversed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ABNER SMITH, Judge, presiding.

GEORGE W. HALL, for appellant.

LEVI SPRAGUE, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The appellee, a sub-contractor, filed its bill in the circuit court of Cook county, against the appellant, as owner, and the Parks-Baldwin Building Company, as the

principal contractor, to establish a mechanic's lien on a certain lot in the city of Chicago for lumber furnished under a parol agreement with the building company at an agreed price, and used in building a house for appellant. The amount remaining unpaid was $1195. The substance of the defense was that the building company had failed to perform its contract and had thereby caused loss to the appellant, and that there was nothing due said building company, but that, on the contrary, it was largely indebted to appellant. When the issues were settled the court referred the cause to the master to take the proofs and report the same to the court with his opinion on the law and the evidence. The evidence on both sides was taken, and afterward the master made a rule on the appellant to file with him the evidence which had been taken on its behalf, on or before a certain date, and notified appellant of such rule, and that in case of default in complying with it he would disregard the evidence so taken on its behalf. The appellant did not comply with such rule, and the master made up his conclusions and report from complainant's evidence only, disregarding the evidence taken for appellant and excluded it from his report to the court. Proper objections and exceptions were filed, but were disallowed. The report of the master sustained the bill and recommended a decree establishing the lien as prayed. The court overruled the exceptions, approved the report and entered a decree as recommended. On appeal by the Nutriment Company the Appellate Court affirmed the decree, and this appeal was then taken to this court.

Many errors have been assigned, but we shall dispose of the case on one, only. We are of the opinion that the chancellor erred in not sustaining the exception to the master's report, based on the refusal of the master to consider the testimony taken on behalf of the appellant, and for disregarding such evidence in making up his report. It was the duty of the master to hear the witnesses,

and to take, or cause to be taken and reduced to writing, their testimony, and to report the same to the court, and all he could demand for so doing was the fees allowed by the statute. A master in chancery has no authority to require a litigant to pay the charges of a stenographer for taking and transcribing the testimony, in addition to the fees allowed him by the statute for performing the same duty. A similar error was assigned and fully considered in *Schnadt* v. *Davis*, 185 Ill. 476. It was in that case, among other things, said (p. 485): "The duty of a master is to have the witnesses brought before him and examined in his presence. The testimony of the witnesses is presented to the master orally, and is thus before him for consideration. His duty is to reduce it to writing, or have it so reduced to writing, and report it to the court," —and it was held error to approve the act of the master in disregarding the testimony taken on behalf of one of the parties because such party did not furnish the master with a transcript of such testimony. So in the case at bar, the master's conclusions were based wholly on the evidence adduced by the complainant. The rule of practice laid down in that case was wholly disregarded in this. The rule made by the master and the failure of appellant to comply with it were not sufficient grounds upon which to disregard its evidence and to decide the case wholly on the complainant's evidence.

As the judgment and decree must be reversed for the error mentioned and a further consideration had by the trial court, it is unnecessary to consider the other errors assigned.

The judgment of the Appellate Court and the decree of the circuit court are reversed, and the cause is remanded to the latter court for further proceedings.

*Reversed and remanded.*