George Green Lumber Co. v. Nutriment Co.

---

### George Green Lumber Company v. The Nutriment Company.

#### Gen. No. 11,112.

1. MECHANIC'S LIEN—*when payments will not operate to defeat.* Payments made in violation of sections 5 and 23 of the Mechanic's Lien Act are not regarded as rightfully made, and so will not operate to defeat a claim for lien.

2. MECHANIC'S LIEN—*contract essential to.* A verbal contract to be sufficient to entitle the claimant to a mechanic's lien must provide for final payment within a year from its date.

3. EXCEPTIONS—*power of court to hear, not previously filed as objections before the master.* The court should not hear exceptions to the master's report which have not previously been filed before the master as objections to such report and at the same time refuse to re-refer the case to the master to take additional proof which might be curative of such additional exceptions.

Mechanic's lien proceeding. Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Reversed and remanded. Opinion filed April 22, 1904. Rehearing denied May 3, 1904.

LEVI SPRAGUE, for appellant.

GEORGE W. HALL, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This case has been here before and at that time a decree in favor of appellant was affirmed. The Nutriment Co. v. George Green Lumber Co., 94 Ill. App. 342. That judgment was reversed in the Supreme Court, because of the disregard by the master in making up his report of certain evidence introduced in behalf of the present appellee, and the error of the trial court in not sustaining an exception to the master's report on that ground. The court deemed it unnecessary to consider the other questions involved. Idem., 195 Ill. 324. We find no reason in the additional evidence now in the record to reconsider the views we formerly expressed upon other questions then determined. Payments made in violation of sections 5 and 23 of the Mechanic's Lien Act are not regarded under section 33 of that act as "rightfully made."

After the master's report had been filed in the Circuit Court, the point was made for the first time on the hearing there, that "the evidence does not show and the report of the master does not find that the contract between the complainant and the principal contractor specified and provided that the materials were to be furnished and final payment therefor was to be made within one year from the date thereof." This objection was not made at the first trial and was not raised in this court upon the former ap-

peal.  If the objection is well taken it is fatal to recovery, unless the objection be deemed to have been waived, because not made in apt time.  If the verbal contract did not provide for final payment, in accordance with the requirements of section 6 of the Mechanic's Lien Law of 1895, within a year from its date, the contractor is not entitled to a lien. " The failure to make such a contract excludes the materialman or party doing the work from the benefit of the act, and it is not within the power of the court to give a relief which the statute denies."  M. J. Fitch Paper Co. v. McDonald, 91 Ill. App. 543, 547; Freeman v. Rinaker, 185 Ill. 172.  The master did find, however, that by the terms of sale of said lumber and materials the said money became due and payable to the George Green Lumber Company sixty days from the date of the last delivery of said material, to-wit, March 28, 1898, within the statutory time of one year from the date of sale.

The objection under consideration was made for the first time, not before the master, where it might have been considered and acted upon, but after the master's report had been filed in court.  It is urged that the objection came too late; that if made before the master and by him found to be well taken, opportunity might have been afforded appellant of making its evidence more specific upon that point if necessary and it was able to do so.  The record shows that after the additional exceptions to the master's report, which were not presented as objections to the master nor considered by him, were filed, appellant moved that the cause be referred back to the master for further proofs, which motion the court denied.  The question is fairly presented whether the Circuit Court erred in hearing and sustaining such additional exceptions not presented before the master and denying the motion to refer back.  In Pennell v. Lamar Ins. Co., 73 Ill. 303, 306, it is held that until an exception is taken before and disallowed by the master the parties cannot be heard on exceptions in the Circuit Court. Citing McClay v. Morris, 4 Gil. 370, and Brockman v. Aulger, 12 Ill. 277.  The court says: " Such a practice as

is indicated in these cases is more consistent, more speedy and saves costs, all of which is desirable and should be enforced in practice; and failing to take exception before the master, the objection should be regarded as waived." In Whiteside v. Pulliam, 25 Ill. 257–259, it is said : "The other exceptions should have been taken before and disallowed by the master, to entitle them to be heard before the chancellor." To the same effect is Hurd v. Goodrich, 59 Ill. 450, 456, in which it is said, citing authorities, that "the exceptions are always to be confined to such objections as were allowed or overruled by the master." In Prince v. Cutler, 69 Ill. 267, 271–2, the same rule is announced, but it is said : "There are nevertheless exceptions to this rule. Where, owing to accident or surprise, the objections are not well taken before the master, the court will allow exceptions to be filed. 2 Daniell's Ch. Prac., 134. But this does not seem to have been the case here, and even in such cases, the better practice is to refer the case back to the master to review his report, so that the parties may have an opportunity of there excepting to it." We regard this language applicable in the case before us. It is not a useless form that requires a re-reference under such conditions. The practice is conducive to the ends of justice and fair to litigants. Upon hearing exceptions to the master's report it is not competent to hear any evidence that was not before the master when he made his report (Cox v. Pierce, 120 Ill. 556–559), whereas in a proper case the master may take such additional testimony if so authorized.

The decree must be reversed and the cause remanded.

*Reversed and remanded.*