## George Green Lumber Company v. The Nutriment Company et al.

### Gen. No. 12,555.

1. RES JUDICATA—*when there is no question of, upon subsequent appeal.* There is no question of *res judicata* arising upon a third appeal of a cause where the first decree was reversed because the master refused to consider the testimony taken before him by the defendant, and the second decree, namely, one dismissing the bill for want of equity, was reversed because the court permitted an exception to be taken which had not been interposed as an objection before the master and refused to re-refer the cause to the master upon sustaining such exception.

Mechanic's lien proceeding. Appeal from the Circuit Court of Cook County; the HON. JULIAN W. MACK, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Affirmed. Opinion filed June 26, 1906.

LEVI SPRAGUE, for appellant.

GEORGE W. HALL, for appellees.

MR. JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the complainant in a mechanic's lien suit from a decree entered March 23, 1905, dismissing its bill of complaint for want of equity.

Some years since a decree for the complainant was entered in the cause which was on appeal affirmed by this court. Nutriment Co. v. George Green Lumber Co., 94 Ill. App: 342. Upon further appeal to the Supreme Court the judgment of this court and the decree of the Circuit Court were reversed and the cause remanded to the Circuit Court for further proceedings. S. C., 195 Ill. 324.

The cause was then redocketed in the Circuit Court and upon the hearing a decree was entered dismissing the bill for want of equity. This decree was upon appeal reversed by this court and the cause again remanded to the Circuit Court. George Green Lumber Co. v. Nutriment Co., 113 Ill. App. 635.

The remanding order under the judgment of reversal last mentioned was filed in the Circuit Court May 16, 1904.

November 18, 1904, the following order was entered in the cause:

" On motion of the complainant it is hereby ordered that the above entitled cause be referred back to Master in Chancery William F. Wiemers for reconsideration upon all the evidence heretofore offered and such additional evidence as may be offered upon the one subject as to the time within which the contract and agreement between the complainant and the Parks Baldwin Building Co. provided the said materials were to be delivered and paid for, said additional evidence to be limited to this one question, with leave to said defendant to file additional objections before the master."

Pursuant to this order Master Wiemers took the deposition of three witnesses November 30, 1904, and returned the same into court December 2, 1904, with the statement that his term of office as master had expired.

January 11, 1905, the following order was entered in the cause : " On motion of complainant, it is hereby ordered

George Green Lumber Co. v. Nutriment Co.

that the order entered herein on Nov. 18, 1904, referring said cause back to Master in Chancery William F. Wiemers, be so amended and modified as to allow Master in Chancery James J. Gray, successor to said Master Wiemers, to examine all the evidence heretofore taken in said cause and report the same to this court, together with his conclusions of law and facts thereon, with all convenient speed."

Master Gray prepared his draft report recommending that a decree be entered for the complainant, to which the defendant filed objections by adopting thirty-four objections filed in said cause July 1, 1902, as objections to a draft report of Master Wiemers, and also twenty-two additional objections, all of which were overruled by Master Gray.

Upon the filing of the report of Master Gray, an order was made that the objections before the master stand as exceptions to his report. The decree of March 23, 1905, from which this appeal is prosecuted, sustained the exceptions of the defendant to the master's report and, as has been said, dismissed the bill for want of equity. The transcript is certified to be a true transcript, etc., "from the date of the remanding order May 16, 1904."

The pleadings, the proofs taken by Master Wiemers prior to May 16, 1904, and the orders made in the cause before that date are not contained in the transcript of the record before us. In the brief for appellant it is said:

"This record is prepared under the rule as laid down by our Supreme Court in the case of Smith v. Brittenham, 94 Ill. 624:

'Errors occurring in the proceedings in a cause after it has been considered in this court may of course be inquired into upon a second appeal or writ of error, but for that purpose only so much of the record as is essential to the presentation of what is claimed to be such subsequent errors should be brought up.

If the decision of this court in a particular case is not satisfactory to the parties, the only remedy is to make application for a rehearing. Any supposed errors which may have intervened in a cause prior to an appeal or writ of

error will not be considered upon any subsequent appeal or writ of error. Cases cannot be brought to this court and considered in fragments.'"

In Smith v. Brittenham a decree setting aside a conveyance for fraud was entered at. the December term 1876 of the Circuit Court of DeWitt County. At the March term 1877, the defendant moved to set aside the decree and from an order denying such motion the appeal was taken, and it was held that the appeal brought up nothing more than the decision of the Circuit Court overruling the motion of defendant to vacate the decree, and for leave to answer; that no sufficient cause for setting aside the decree was shown and the order appealed from was affirmed. Smith v. Brittenham, 88 Ill. 291. Smith then sued out in the Appellate Court a writ of error to the Circuit Court, which brought up the entire record, and upon the hearing so much of the decree as ordered a writ of assistance to issue was reversed and in all other respects said decree was affirmed. The cause was remanded to the Circuit Court, where such proceedings were had, at the March term 1879, that another writ of assistance was ordered to issue. From this order Smith again appealed to the Appellate Court and that court at the May term 1879 affirmed the order of the Circuit Court awarding the writ of assistance. From this judgment of affirmance Smith again appealed to the Supreme Court and the judgment of the Appellate Court was affirmed. Smith v. Brittenham, 94 Ill. 624. The court held that this second appeal was not from the judgment of affirmance of the Appellate Court at its November term 1878 of the decree of the Circuit Court, except as to the writ of assistance, but was from the judgment of the Appellate Court of its May term 1879, affirming the order of the Circuit Court awarding another writ of assistance, that the entire record in the cause was not brought before the court upon such appeal, and the court declined to consider anything further than the order awarding the second writ of assistance. In the opinion in that case it was said: "Errors occurring since the case was

here before may, of course, be inquired into, but for that purpose so much of the record as is essential to the presentation of what is claimed to be such errors should only be brought up."

In that case the original decree for complainant entered at the December term 1876 was not brought before the Supreme Court by either of the appeals above mentioned. It was brought before the Appellate Court by writ of error and was by that court at the November term 1878 affirmed, except as to the writ of assistance.

After the last judgment of affirmance in the Supreme Court, Smith sued out of that court a writ of error to the Appellate Court, by which the entire record was brought up, and it was held that as upon the former appeals only two rulings of the Circuit Court had been reviewed—the denial of the motion to vacate the decree, and the order awarding a second writ of assistance—the defendant was upon such writ of error entitled to have the original decree reviewed, and it was upon such writ of error reviewed and reversed. Smith v. Brittenham, 98 Ill. 188. In that case the original decree remained in full force from December 1876, when it was entered, until March 1881, when it was reversed by the Supreme Court, and it was while this decree was in force and unreversed that the decision reported in 94 Ill. 624 was made.

In this case the first appeal was from a final decree for the complainant, which was reversed by the Supreme Court because the master refused to consider the testimony taken before him by the defendant and based his report wholly on the evidence offered by complainant. 195 Ill. 324. The second appeal was from a decree dismissing the bill for want of equity, and was reversed because the court permitted an exception to be filed to the report which had not been made an objection before the master, and refused to refer the case back to the master upon sustaining such exception. 113 Ill. App. 635.

The first decree was wholly reversed. When the decree dismissing the bill was, upon the second appeal, reversed

and the cause remanded, the case stood as though no decree had ever been entered in the cause.

There is no question of *res adjudicata* in the case, for there was in force no decree in the cause when the decree appealed from was entered. That decree does not confirm any part of the master's report, directly or by implication, but sustains in general terms the exceptions of the defendant to the report and dismisses the bill for want of equity.

A decree dismissing a bill for want of equity needs neither findings nor proofs to support it.

In First Nat. Bank v. Baker, 161 Ill. 281, it was said, p. 283: "The decree dismissing the petition in this case cannot be reversed because the relief was denied, unless appellant shall show that the evidence was such as to entitle it to the relief asked for. In order to do this the whole of the evidence must be preserved, otherwise it will be presumed that there was evidence which justified the finding. Corbus v. Teed, 69 Ill. 205; Allen v. LeMoyne, 102 id. 25; Brown v. Miner, 128 id. 148; Groenendeyke v. Coffeen, 109 id. 325."

The decree of the Circuit Court will be affirmed.

*Affirmed.*