## THE GEORGE GREEN LUMBER COMPANY

### *v.*

## THE NUTRIMENT COMPANY.

*Opinion filed December 22, 1906.*

1. APPEALS AND ERRORS—*a general reversal and remandment leaves case open for amendments and new evidence.* A judgment reversing and remanding generally, without specific directions, leaves the case open to amendment of the pleadings and the introduction of additional evidence, and the case may be considered by the trial court on its merits.

2. SAME—*decree presumed correct where whole evidence is not preserved.* Decree dismissing a bill in chancery for want of equity will be presumed, on appeal, to be justified by the evidence, where the whole of the evidence is not preserved in the record.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. J. W. MACK, Judge, presiding.

LEVI SPRAGUE, for appellant.

GEORGE W. HALL, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a decree entered in the circuit court of Cook county March 23, 1905, dismissing for want of equity a bill filed to enforce a mechanic's lien as sub-contractor, under the act of 1895, for an alleged balance of $1195.

On the first trial judgment was entered in favor of appellant, and this judgment was affirmed by the Appellate Court. (94 Ill. App. 342.) Appeal was thereupon taken to this court and judgment reversed on the ground that a master in chancery had no authority to require a litigant to pay the charges of a stenographer for taking and transcribing the testimony in addition to the fees allowed the master by the statute for performing the same duty and to make such payment a condition upon which he will consider the testimony. We there said: "As the judgment and decree must be reversed for the error mentioned and a further consideration had by the trial court, it is unnecessary to consider the other errors assigned." (*Nutriment Co.* v. *Green Lumber Co.* 195 Ill. 324.) The case was re-docketed in the circuit court, and upon hearing a decree was entered dismissing the bill for want of equity. This decree, upon the second appeal to the Appellate Court, was reversed and the cause remanded to the circuit court because the trial court had refused to hear exceptions to the master's report which had not been previously filed before the master as objections

to said report, and at the same time had refused to refer the case back to the master to take additional proof which might cure such additional exceptions. The Appellate Court stated in its opinion that it found no reason in the additional evidence now in the record to reconsider the views it had formerly expressed upon other questions determined in the former hearing. (*Green Lumber Co.* v. *Nutriment Co.* 113 Ill. App. 635.) The remanding order, under this judgment of reversal, was filed in the circuit court on May 16, 1904, and on November 18, 1904, the following order was entered in that court: "On motion of the complainant it is hereby ordered that the above entitled cause be referred back to master in chancery William F. Wiemers for reconsideration upon all the evidence heretofore offered, and such additional evidence as may be offered upon the one subject as to the time within which the contract and agreement between the complainant and the Parks-Baldwin Building Company provided the said materials were to be delivered and paid for, said additional evidence to be limited to this one question, with leave to said defendant to file additional objections before the master." No objection of any kind appears to have been made by counsel to the entering of this order. Certain evidence was taken pursuant thereto, and on January 11, 1905, an order was entered stating that master in chancery Wiemers had been succeeded by James J. Gray, and that said Gray was "to examine all the evidence heretofore taken in said cause and report the same to this court, together with his conclusions of law and facts thereon, with all convenient speed." The master recommended that a decree be entered for complainant, (appellant herein,) to which appellee filed objections, adopting thirty-four objections theretofore filed and also twenty-one additional objections, all of which were overruled by the master. It was ordered that the objections filed should stand as exceptions to the report. The circuit court sustained the exceptions and dismissed the bill for want of equity. The case was thereupon appealed to the

Appellate Court and a transcript filed there certifying that it was a true transcript from the date of the remanding order, May 16, 1904. The Appellate Court affirmed the decree of the lower court, and the cause is brought here for review.

The record here, as in the Appellate Court, does not purport to be a complete transcript of all the evidence that was heard, but only of what took place after the remanding order by the Appellate Court on the second appeal to that court had been filed in the lower court, May 16, 1904.

Appellant insists that the trial court on this last hearing was bound by the decisions of the courts of review on the former appeals, especially the decision of the Appellate Court in Vol. 113, *supra.* It is also argued that the court was estopped from dismissing the bill for want of equity.

The order of reversal by this court in 195 Ill. 324, and the last reversal by the Appellate Court, (113 Ill. App. 635,) are both general in their terms. Neither of the parties on any of the trials below considered that the decisions of the appellate tribunals were *res judicata* or acted as an estoppel upon the further hearings. The orders on the last hearing referring to the master in chancery plainly indicate that both parties understood that the entire case was to be re-tried on its merits, and not only was further additional evidence taken, but both orders stated that the master in chancery should examine and consider all the evidence theretofore taken in the case. The former decisions for these reasons could not be conclusive on the parties. (*Friedman* v. *Lesher,* 198 Ill. 21.) The following authorities support the conclusion that under the remanding orders heretofore cited the entire case, on its merits, was open for consideration by the trial court: *Chickering* v. *Failes,* 29 Ill. 294; *Elston* v. *Kennicott,* 52 id. 272; *Linington* v. *Strong,* 111 id. 152; *Aurora and Geneva Railway Co.* v. *Harvey,* 178 id. 477; *People* v. *Cohen,* 219 id. 200. The case of *Smith* v. *Brittenham,* which came to this court three times, and is found in 88 Ill. 291,

94 id. 624, and 98 id. 188, when carefully reviewed does not in any way conflict with this conclusion.

The decree dismissing the bill in this case for want of equity cannot be reversed unless appellant shows that the evidence was such as to entitle it to the relief asked for. In order to do this the whole of the evidence must be preserved, otherwise it will be presumed that there was evidence which justified the finding. *First Nat. Bank* v. *Baker,* 161 Ill. 281; *Allen* v. *Henn,* 197 id. 486.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*